UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD WILLIAM KADE,

        Petitioner,

                                  CIVIL NO. 2:09-CV-10822

v.                                HONORABLE PAUL D. BORMAN
                                  UNITED STATES DISTRICT COURT

KENNETH McKEE,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

        Bernard William Kade, ("Petitioner"), presently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for operating under the influence of liquor (OUIL), third offense, M.C.L.A. 257.625(6)(d). For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

**I. BACKGROUND**

        Petitioner pleaded guilty to the above offense in the Genesee County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Kade,* No. 285742 (Mich.Ct.App. July 9, 2008); *lv. den.,* 482 Mich. 1069, 757 N.W. 2d 467 (2008).

        Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. This OUIL conviction was improperly enhanced from a misdemeanor to a OUIL-3rd felony offense by using two misdemeanor convictions where this petitioner was improperly denied his Sixth Amendment right to counsel.
>
> II. Trial counsel was ineffective in that he allowed two prior uncounseled

misdemeanor convictions, where this petitioner was indigent and denied his Sixth Amendment right to counsel, to be used to enhance this misdemeanor conviction to a felony OUIL conviction.

III. Appellate counsel was ineffective in that he did not(would not) raise viable issues in my Court of Appeals Application for Leave to Appeal, maintaining that his only obligation was to appeal the sentence departure.

## II. DISCUSSION

The instant petition is subject to dismissal because none of petitioner's claims have been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, petitioner, by his own admission, did not present any of his claims before the Michigan Court of Appeals on his direct appeal, raising them only for the first time in his application for leave to appeal with the Michigan Supreme Court.

When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *See Lawrence v. Will Darrah & Associates, Inc.,* 445 Mich. 1, 4, n. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treasury Dep't.*, 425 Mich. 262, 276; 389 N.W. 2d 412 (1986). Therefore, petitioner's failure to raise these claims in

his appeal to the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the issues in his application for leave to appeal.

More importantly, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because petitioner failed to present his claims in his appeal with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 844, n. 5 (E.D. Mich. 2001); *Winegar v. Corrections Department*, 435 F. Supp. 285, 288-89 (W.D. Mich. 1977);*See also Ellison v. Brown*, 16 F. 3d 1219, 1994 WL 43440, * 2 (6th Cir. February 14, 1994).

In his petition for writ of habeas corpus, petitioner indicates that his first and second claims were not presented to the Michigan courts because his appellate counsel failed to raise the issues at petitioner's request. An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel failed to raise petitioner's first or second claims on petitioner's direct appeal to the Michigan Court of Appeals would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust these two claims.

*See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures).

In addition, petitioner's third claim alleging the ineffective assistance of appellate counsel has not been exhausted with the state courts, in light of the fact that it was presented to the Michigan courts for the first time in his application for leave to appeal to the Michigan Supreme Court. *See United States ex. rel. Avila v. Ahitow,* 791 F. Supp. 197, 198-200 (N.D. Ill. 1992)(habeas petitioner did not exhaust his state court remedies with respect to his ineffective assistance of appellate counsel claim, where the claim was raised for the first time in his petition for leave to appeal to the Illinois Supreme Court after the affirmance of his conviction by the Illinois Appellate Court and Illinois law did not preclude petitioner from raising this issue in a post-conviction motion).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could exhaust these claims by filing a motion for relief from judgment with the Genesee County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and(C). Denial of a motion for relief from

judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims regarding his underlying conviction are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Bailey v. Roe,* 135 Fed. Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also Meyer v. Warren,* 2006 WL 2644991, * 3 (E.D. Mich. September 14, 2006).

Additionally, there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his claims, rather than dismissing it without prejudice. In this case, the Michigan Supreme Court denied petitioner's application for leave to appeal on November 25, 2008. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought

5

direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on February 23, 2009. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

      Petitioner filed the instant petition with this Court on March 5, 2009, after only ten days had elapsed on the one year statute of limitations. This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust these two claims. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder,* 156 F. Supp. 2d at 845-46. Accordingly, the Court will dismiss the instant petition without prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a

6

constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

**III.     CONCLUSION**

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

                                                s/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: April 23, 2009

                        CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 23, 2009.

                                                s/Denise Goodine  
                                                Case Manager