# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BERNARD WILLIAM KADE,

        Petitioner,

                              CIVIL NO. 2:09-CV-10822

v.                                       HONORABLE PAUL D. BORMAN
                                       UNITED STATES DISTRICT COURT

KENNETH McKEE,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION

On April 23, 2009, this Court summarily dismissed without prejudice petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, on the ground that petitioner had failed to properly exhaust his claims with the state courts. *Kade v. McKee,* No. 2009 WL 1099192 (E.D. Mich. April 23, 2009). Petitioner has now filed a motion for reconsideration. For the reasons stated below, the motion for reconsideration is **DENIED.**

Eastern District of Michigan Local Rule 7.1(g)(3) provides that in order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002). A 'palpable defect' is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.* (citing E.D. MICH. L.R. 7.1(g)(3)).

In his motion for reconsideration, petitioner argues that it would be futile for him to return

1

to the state courts to exhaust his claims that his OUIL conviction had been improperly enhanced from a misdemeanor to a OUIL-3rd felony offense by using two prior uncounseled misdemeanor convictions and that trial counsel was ineffective for failing to object to the enhancement, because he raised these identical claims in a prior OUIL-3rd felony offense case and the claims were rejected by the Michigan appellate courts.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). An unfavorable ruling in a state appellate court, in an unrelated case, on the same issue being raised by a habeas petitioner, does not make exhaustion futile, so as to excuse exhaustion, as petitioner seems to imply. *See Doty v. Lund,* 78 F. Supp. 2d 898, 901-03 (N.D. Iowa 1999). At best, the ruling simply makes petitioner's required presentation to the state courts less likely to succeed. *Id.* Thus, the mere fact that the Michigan appellate courts rejected petitioner's claims in an unrelated case would not excuse him from exhausting his claims in this case.

## ORDER

**IT IS HEREBY ORDERED** that the Motion for Reconsideration [Dkt. # 4] is **DENIED.**


S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 18, 2009

2

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 18, 2009.

                                              S/Denise Goodine
                                              Case Manager